UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELBERT CHARLES COBB,<br><br>Petitioner,<br>v.<br>E. K. McDANIELS, *et al.*,<br><br>Respondents. | Case No. 3:15-cv-00172-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

Before the Court are the second amended petition for writ of habeas corpus (ECF No. 17), respondents' motion to dismiss (ECF No. 32), petitioner's opposition (ECF No. 50), and respondents' reply (ECF No. 57). The Court grants the motion in part, finding that petitioner has not exhausted his available state-court remedies for some of his grounds.

**II.   DISCUSSION**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 1 is a claim that the prosecution peremptorily struck two prospective jurors, named Carter and Dawson, because of their race. *See Batson v. Kentucky,* 476 U.S. 79 (1986). Respondents argue that ground 1 is not exhausted with respect to Carter because on direct appeal petitioner challenged the removal of a juror named Gardner. (Exh. 151 at 21-23 (ECF No. 25 at 24-26).) Respondents have revealed a comedy of errors. The problem started when Rhonda Carter and Roberta Gardner were seated as prospective jurors. The names were similar enough to be confusing, but there was more. Carter had badge number 884, and Gardner had badge number 886. (Exh. 121a, lines 3 and 25 (ECF No. 23-3).) To make things worse, the transcript of jury selection has a mistake:

> MR. DiGIACOMO [prosecutor]: . . . There's a couple of specific questions I had for the three of you. Let me start with Ms. <u>Carter</u>. And let me preface this with, I have no desire whatsoever to embarrass you, but there's some stuff in your questionnaire that I need to talk to you about, okay? And specifically, it relates to your son.
>
> PROSPECTIVE JUROR <u>GARDNER</u>: Yes.

(Exh. 111 at 17-18 (ECF No. 22 at 18-19) (emphasis added).) The transcript continued, with the prosecutor or the judge saying "Carter" and the person answering questions identified as "Gardner." Defense counsel then asked prospective jurors who were African American to raise their hands and to say their badge numbers. The transcript shows that

1  Carter said "884." (*Id.* at 25 (ECF No. 22 at 26).) According to the jury list, the prosecution peremptorily struck Carter, and the defense peremptorily struck Gardner. (Exh. 121a, lines 3 and 25 (ECF No. 23-3).) The defense counsel raised a *Batson* challenge. He stated:

> MR. WHIPPLE: Thank you, Your Honor. Your Honor, during the jury — during jury selection and when we were doing preempts, the government preempted Juror No. 639, Mrs. Dawson. They also prior to that preempted Juror No. 884, Mrs. Carter. Ms. Carter, of course, is African American. That left one remaining African American on the jury pool. That was Mrs. Dawson. They also preempted her.

(Exh. 111 at 261 (ECF No. 22 at 262).) The opening brief on direct appeal made the error worse: "The State also preempted Juror Number <u>884</u>, Mrs. <u>Gardener</u> (an African American)." (Exh. 151 at 21 (ECF No. 25 at 24) (emphasis added).) Appellate counsel, who was different from trial counsel and who was not present at jury selection, now used the incorrect name and the correct badge number. The error continued in the answering brief and the reply brief. (Exh. 153 at 13-14 (ECF No. 25-2 at 15-16); Exh. 154 at 4-9 (ECF No. 25-3, at 6-11).) The initial petition in this Court also continued with the error. (ECF No. 5 at 8-9.) Finally, in the second amended petition, petitioner got the name correct. (ECF No. 17 at 16.)

Hoping that it has sorted this mess out,[1] the Court is reasonably certain, but not completely certain, that petitioner has presented to the Nevada Supreme Court the identity of the correct person. Regardless of the confusion of the names and the confusion of saying that Gardner was badge number 884, petitioner has remained consistent in state court and this Court that juror number 884 was struck for impermissible reasons. That probably is enough for the Nevada Supreme Court to identify that petitioner was challenging the strike of Carter. If the jury list and the jury questionnaires, currently Exhibits 121a through 121i (ECF No. 23-3 through 23-13), were part of the record on appeal, then this Court would be more certain that the Nevada Supreme Court knew that

---

[1]The Court's own proofreading of the prior paragraph has found at least one instance in which it transposed the names Carter and Gardner.

Carter was the juror in question. Carter's responses in her jury questionnaire match the prosecutor's questions to the juror identified both as Carter and Gardner in the transcript. This Court does not know if those exhibits were part of the record on appeal. The jury list has a court-exhibit sticker, but none of them are file-stamped, and they lack the bates number stamping found on Nevada appellate appendices. Nonetheless, with the badge number being consistent throughout the proceedings, the Court will find that ground 1 is exhausted with respect to Carter.

Respondents argue that ground 1 is not exhausted with respect to Dawson because petitioner presents here a comparative juror analysis. (ECF No. 17 at 24-28.) Petitioner did not present to the state courts any such analysis. (*See* Exh. 151 at 19-23 (ECF No. 25 at 22-26).) Nevertheless, the Court finds that the additional facts presented in the comparative juror analysis do not fundamentally alter the claim regarding Dawson, and this part of ground 1 is exhausted.

Ground 2 is a claim of ineffective assistance of counsel because (a) trial counsel failed to object to the trial court's dismissal of prospective jurors Carter and Dawson before holding a *Batson* hearing and (b) appellate counsel failed to raise this issue on direct appeal. Petitioner admits that he has not presented this ground to the state courts. Ground 2 is not exhausted.

Ground 3 is a claim that (a) African-Americans and (b) Hispanics were under-represented in the jury venire. Respondents argue that petitioner never mentioned Hispanics in his arguments to the Nevada Supreme Court. Respondents are correct. (*See* Exh.151 at 23-27 (ECF No. 25 at 26-30).) Petitioner did mention minorities generally in his opening brief on direct appeal. (Exh. 151 at 24 (ECF No. 25 at 27).) However, petitioner presented no facts and no arguments with respect to Hispanic members of the jury pool. He does that now. Ground 3(b), regarding Hispanics in the jury venire, is not exhausted.

Ground 4 is a claim that petitioner received ineffective assistance of counsel because (a) trial counsel did not object to the trial court's effective denial of the motion to

strike the jury venire, and (b) appellate counsel did not raise this issue on direct appeal. Petitioner admits that he has not presented this ground to the state courts. Ground 4 is not exhausted.

Ground 5 is a claim of trial-court error in refusing to sever the charges into two separate trials. Respondents argue that the issue on direct appeal was presented solely as a matter of state law.

Petitioner argues that the opening brief also stated, "[i]n presenting this inadmissible hearsay evidence prohibited Mr. Cobb his constitutional rights of Confrontation and cross-examination." (Exh. 151 at 32 (ECF No. 25 at 35).) Improper joinder of counts does not violate the Confrontation Clause of the Sixth Amendment. Improper joinder can be a violation of due process. "[M]isjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his [Fourteenth] Amendment right to a fair trial." *United States v. Lane*, 474 U.S. 438, 446 (1986). Even if petitioner did present a constitutional theory to the Nevada Supreme Court, he presented a constitutional theory that was both wrong and different from what he presents now.[2]

Petitioner argues that he quoted *Floyd v. State*, 42 P.3d 249 (Nev. 2002), which in turn quoted *People v. Bean*, 760 P.2d 996 (Cal. 1988). The portion of *Bean* — quoted in *Floyd* that in turn petitioner quoted — was part of an analysis of state law regarding joinder and severance of offenses. 760 P.2d at 1006. Later, the California Supreme Court did analyze whether the denial of a motion to sever counts, though not an abuse of discretion, still deprived the defendant a fundamentally unfair trial or due process of law. *Id.* at 1008. This is what petitioner quotes at page 27 of his opposition of the motion to dismiss. (ECF No. 50, at 33.) Petitioner's argument has two problems. First, the Nevada Supreme Court

---

[2]The Court is uncertain whether petitioner did even that. The relevant paragraph in the direct-appeal brief contains sentence fragments, and it is disjointed. For example, petitioner stated that he did have the opportunity to confront the witnesses against him, right before he claimed that he was deprived of his right of confrontation. (Exh. 151 at 32 (ECF No. 25, at 35).)

did not quote that part of *Bean* in its opinion in *Floyd*. Second, *Bean* referred to generic concepts of a "fair trial" and "due process" without explicitly mentioning any part of the Constitution of the United States. Generic statements like that do not exhaust a ground. *Hiivala v. Wood,* 195 F.3d at 1106.[3] Ground 5 is not exhausted.

Ground 7 is a claim of trial-court error in admitting prior-bad-act evidence. Respondents contend that petitioner argued the issue on direct appeal solely as a matter of Nev. Rev. Stat. § 48.045, not federal law. Respondents also argue that petitioner did not mention on direct appeal certain names and facts that he mentions in this ground. Petitioner counters that the state-law standard for admitting such evidence is at least as protective as the federal standard, if not more, of a defendant. Respondents correctly point out that that is the not the rule for satisfaction of the exhaustion requirement. The standards must be the same, and, in the case of admission of prior-bad-act evidence, they are not.

The Court need not address respondents' argument that petitioner also did not present the names of some witnesses to the Nevada Supreme Court, because ground 7 in its entirety is not exhausted.

Ground 13 is a claim that petitioner's consecutive sentences of life imprisonment without eligibility for parole are cruel and unusual punishment because he was 16 years old when he committed murder. Petitioner admits that he has not presented this claim to the state courts. Ground 13 is not exhausted.

Ground 14 is a cumulative-error claim regarding errors at trial and ineffective assistance of counsel. Respondents argue correctly that petitioner did not raise a cumulative-error claim on direct appeal, and that the claim of cumulative error in the state habeas corpus petition involved trial counsel's errors, so any claim of cumulative error

---

[3]In Bean's case, the Ninth Circuit later held that the joinder of offenses was unconstitutional. *Bean v. Calderon*, 165 F.3d 1073, 1083-86 (9th Cir. 1998). Petitioner does not make this argument, but the Nevada Supreme Court was not required to Shepardize a case quoted in another case quoted in the brief to find an issue of federal law.

that does not involve trial counsel's errors, e.g., trial court error or ineffective assistance of appellate counsel, is unexhausted. Ground 14 is not exhausted.

Petitioner argues that any claim that the Court finds to be not exhausted is technically exhausted because he has no remaining procedure in state court to present those claims. *See* 28 U.S.C. § 2254(c). Petitioner argues that the state courts would apply state-law procedural bars against untimely petitions, Nev. Rev. Stat. § 34.726(1), and successive petitions, Nev. Rev. Stat. § 34.810. However, state courts may excuse a procedural bar upon a showing of actual innocence or cause and prejudice. Petitioner argues that he is actually innocent. This is an argument that he needs to present to the state courts first.

Petitioner also argues that the ineffectiveness of post-conviction counsel is cause to excuse the procedural default of his claims of ineffective assistance of counsel. The Nevada Supreme Court has not recognized ineffective assistance of post-conviction counsel as cause to excuse state-law procedural bars. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). The Court will not address this argument now because petitioner does have an argument—actual innocence—that he can use in the state courts.

Petitioner has filed a motion for evidentiary hearing (ECF No. 51). He wants to provide evidence in support of his arguments for actual innocence and ineffective assistance of post-conviction counsel. The Court denies this motion because petitioner needs to present his argument for actual innocence first to the state courts.

The second amended petition (ECF No. 17) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy,* 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

Respondents also argue that ground 14 is not addressable in federal habeas corpus because the Supreme Court of the United States has not clearly established that such a claim exists. Respondents point to a split of authority among the circuits. Respondents present an interesting question, but it is one that the Supreme Court will

7

need to answer. The court of appeals for this circuit has held that such a claim is clearly established, and that is binding precedent upon this court. *Parle v. Runnels,* 505 F.3d 922, 927 (9th Cir. 2007).

Respondents also argue that some of the grounds in the second amended petition (ECF No. 17) are untimely. Petitioner argues that the grounds relate back to the filing of the initial, proper-person petition (ECF No. 5). Petitioner also argues that his actual innocence will equitably toll the period of limitation. However, petitioner needs to present that actual-innocence argument first to the state courts. Under the circumstances, the Court will not rule now on the timeliness of the challenged grounds.

### III.  CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 32) is granted in part. Grounds 2, 4, 5, 7, 13, 3 in part, and 14 in part are unexhausted.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 2, 4, 5, 7, 13, 3 in part, and 14 in part, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that petitioner's motion for evidentiary hearing (ECF No. 51) is denied.

DATED THIS 28th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE