# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELBERT CHARLES COBB,<br><br>                Petitioner,<br>v.<br><br>E. K. McDANIELS, *et al.,*<br><br>                Respondents. | Case No. 3:15-cv-00172-MMD-WGC<br><br>ORDER |

The Court granted respondents' motion to dismiss, finding that some of petitioner's grounds for relief were not exhausted. (ECF No. 66.) Petitioner has filed a motion for stay and abeyance (ECF No. 69), respondents have filed an opposition (ECF No. 70), and petitioner has filed a reply (ECF No. 72). The Court finds that petitioner has demonstrated good cause for a stay on at least one ground, and the Court grants the motion.

Ground 2 is a claim trial counsel provided ineffective assistance because trial counsel did not object when the state district court dismissed black prospective jurors before holding a hearing pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), to determine whether the prosecution dismissed those jurors with discriminatory intent. Subsequent to petitioner's trial, the Nevada Supreme Court determined that it is structural error to dismiss a prospective juror before holding a *Batson* hearing on whether the challenge was due to racial discrimination. *Brass v. State*, 291 P.3d 145, 149 (Nev. 2012).

Petitioner argues that good cause exists because post-conviction counsel in his state habeas corpus proceedings failed to raise this claim of ineffective assistance of trial counsel. Ineffective assistance of counsel in the initial post-conviction proceedings can

be cause to excuse the procedural default of a ground of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). Respondents counter that post-conviction counsel could not have been ineffective because the claim was not available at the time since the state district court denied his petition on October 9, 2012.[1] Respondents continue that petitioner should have raised this claim in a second post-conviction habeas corpus petition in the state court. Respondents make this argument to show that *Martinez* is inapplicable because the procedural default would occur in the second post-conviction petition, and *Martinez* does not apply to ineffective assistance of post-conviction counsel in anything other than the initial post-conviction proceedings. However, in making this argument, respondents note that petitioner in state court can show cause to overcome a successive-petition bar and a time bar by showing an impediment external to the defense prevented him from complying with the rules, and a legal basis for a claim that was not reasonably available to counsel can be such an impediment. (ECF No. 70 at 5-6) (quoting *Hathaway v. State*, 71 P.3d 503, 506 (Nev. 2003)). What the Court draws from this argument is that petitioner might be able to show good cause to overcome any state procedural bars of the claim in ground 2, and perhaps in ground 1, which is the *Batson* claim underlying the ineffective-assistance claim in ground 2, regardless of whether post-conviction counsel was ineffective. That is sufficient for this Court to conclude that petitioner has good cause to excuse his failure to exhaust. As long as *Brass* is good law, the claim is not plainly without merit on its face. Petitioner has been diligent in his efforts. A stay of the action is warranted based upon ground 2, and there is no reason to examine the other unexhausted grounds.

It is therefore ordered that petitioner's motion for stay and abeyance (ECF No. 69) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims. Petitioner must return to this Court with a motion to reopen within

---

[1] The Nevada Supreme Court decided *Brass* on December 27, 2012. *Brass,* 291 P.3d 145.

forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

It further is ordered that the Clerk of Court administratively close this action until such time as the Court grants a motion to reopen.

DATED THIS 29th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE