1

2

3                              UNITED STATES DISTRICT COURT

4                                    DISTRICT OF NEVADA

5                                          * * *

6    DELBERT CHARLES COBB,                    Case No. 3:15-cv-00172-MMD-WGC

7                          Petitioner,                      ORDER

8         v.

     E.K. McDANIELS, *et al.*,
9
                           Respondents.
10

11         This is a stayed habeas corpus action under 28 U.S.C. § 2254. The Court stayed

12   the action while Petitioner Delbert Cobb exhausted his state-court remedies. (ECF No.

13   77.) Petitioner has filed a motion to reopen, noting that his state-court proceedings have

14   concluded. (ECF No. 79.) Respondents do not oppose Petitioner's motion. (ECF No. 81.)

15   The Court will grant Petitioner's motion.

16         It therefore is ordered that Petitioner's motion to reopen (ECF No. 79) is granted.

17   The Clerk of the Court is directed to reopen this action and to lift the stay.

18         It further is ordered that Respondents must file a response to the amended petition,

19   including potentially by motion to dismiss, within 60 days of the date of entry of this order

20   and that Petitioner may file a reply within 30 days of service of an answer. The response

21   and reply time to any motion filed by either party, including a motion filed in lieu of a

22   pleading, will be governed instead by Local Rule LR 7-2(b).

23         It further is ordered that any procedural defenses raised by Respondents to the

24   counseled amended petition must be raised together in a single consolidated motion to

25   dismiss. In other words, the Court will not address any procedural defenses raised herein

26   either in serial fashion in multiple successive motions to dismiss or embedded in the

27   answer. Procedural defenses omitted from such motion to dismiss will be subject to

28   potential waiver. Respondents must not file a response in this case that consolidates their

procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, must be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It further is ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED THIS 6th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE